## MELCHER v. UNITED STATES.
### No. 43101.

Court of Claims.
June 1, 1937.

Theodore B. Benson, of Washington, D. C. (Henry O. Harriman and Charles E. Foster, Jr., both of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This case involves gain or loss for income tax purposes on the sale of certain stock where the Commissioner has applied Article 58, Regulations 74, promulgated under the Revenue Act of 1928, which reads in part as follows: "When shares of stock in a corporation are sold from lots purchased at different dates and at different prices and the identity of the lots can not be determined, the stock sold shall be charged against the earliest purchases of such stock. The excess of the amount realized on the sale over the cost or other basis of the stock will constitute gain."

The plaintiff maintained during the year 1928 a stock trading account with a brokerage firm in which her son was a customers' man. He was plaintiff's agent and acted for her in the purchase and sale of stocks. In September, 1928, due to several purchases, plaintiff had issued to her a certificate for 250 shares of Safeway Stores stock. This certificate was lodged with her brokers and held together with other stocks as collateral. On December 28, 1928, plaintiff's son purchased for her 200 shares of Safeway Stores at 189½ and on the same day sold the 200 shares at the same price. On the books of the brokers, plaintiff's account was charged with $37,950, the cost of the 200 shares of stock plus the commission, and credited with $37,842.00, the selling price of $37,900 less the commission of $50 and the tax of $8 on the sale. There was no delivery of a certificate of stock for these 200 shares. As they were purchased and sold on the same day they were handled by the brokers through the medium of street memorandum and the transaction was evidenced solely by debits and credits in plaintiff's account on the brokers' books. There was no commingling of any certificates of stock because plaintiff had no certificate issued to her for these 200 shares. The 250 shares, which were evidenced by the certificate and which had been lodged with the brokers as collateral, remained with the brokers for a year or more after this transaction had taken place.

In computing plaintiff's income tax, the Commissioner, in this transaction, invoked the "first-in first-out" rule quoted above and determined a profit on the basis that the 200 shares sold on December 28, 1928, were from the 250 shares previously purchased by plaintiff and then held by the brokers as collateral. The Supreme Court in the case of Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 735, 79 L.Ed. 1343, and Snyder v. Commissioner, 295 U.S. 134, 55 S.Ct. 737, 79 L.Ed. 1351, has laid down the rule that the first-in first-out rule applies where identification of the stock can not be made and where, in the marginal account, there is the commingling of many shares of stock purchased from time to time and sales made without designation of any particular shares to be sold. The court says: "It is true that certificates provide the ordinary means of identification. But it is not true that they are the only possible means." In the instant case, there was only one certificate issued, and this certificate was pledged as collateral before the purchase and remained as collateral for a year or more after the sale.

The sole issue in this case is the identification of the stock sold on December 28, 1928, and it is apparent from the record

that the plaintiff purchased 200 shares in the morning of that day and shortly thereafter on the same day sold the same number of shares at the same price at which they had been purchased. No certificate was issued for these shares. We think the identification of the stock purchased and sold is complete and that the application of the first-in first-out rule by the Commissioner was erroneous. The plaintiff is entitled to recover.

Entry of judgment in favor of the plaintiff will be suspended pending the submission of computations by the parties in accordance with this opinion.

It is so ordered.